IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**RUSSELL REED**                                                                      PLAINTIFF
**#90765**

v.                                    No. 4:25-cv-531-DPM

**STATE OF ARKANSAS, Administrator,**
**Circuit Court of Pulaski Co., 13th Division**
**and BENNIE O'NIEL, Special**
**Administrator, State of Arkansas**                                   DEFENDANTS

## ORDER

1.  Motion to proceed *in forma pauperis*, Doc. 1, granted. The Court doesn't assess an initial partial filing fee. Reed's custodian must collect monthly payments from his prison trust account each time the amount in the account exceeds $10.00. These payments will be equal to twenty percent of the preceding month's income credited to the account; and they will be collected and forwarded to the Clerk of the Court until the $350.00 filing fee is paid in full. 28 U.S.C. § 1915(b)(2). The payments forwarded on Reed's behalf must be clearly identified by the case name and case number.

2.  The Court directs the Clerk to send a copy of this order to the Administrator of the Pulaski County Detention Center, 3201 West Roosevelt Road, Little Rock, Arkansas 72204.

3.      The Court must screen Reed's § 1983 complaint. *Doc. 2*; 28 U.S.C. § 1915(e). Reed is awaiting trial for the capital murder of his mother, Altha Reed. *State v. Reed*, 60CR-24-2563 (Pulaski County). Because she died without a will, the Pulaski County Circuit Court appointed attorney Bennie O'Neil to serve as the estate's special administrator. *In re Estate of Altha Reed*, 60PR-24-1269 (Pulaski County) (Order of Appointment). O'Neil filed his report on the estate's property with the court and resigned as its administrator. *In re Estate of Altha Reed*, 60PR-24-1269 (Report & Order). No property has been dispersed, and the estate's probate remains open. Nevertheless, Reed seeks this Court's assistance with administration of the estate. He argues that O'Neil violated his civil rights. He believes his detention influenced O'Neil's report and led him to treat Reed's siblings more favorably. *Doc. 2 at 7, 9, & 26.*

Reed's claims against the State of Arkansas are barred by the Eleventh Amendment and can immediately be dismissed. *Will v. Michigan Department of State Police*, 491 U.S. 58, 66 (1989). And O'Neil is a private actor. While private actors who perform traditional state functions may, at times, be sued under § 1983 if acting color of state law, nothing about O'Neil's service meets this burden. *Reasonover v. St. Louis County*, 447 F.3d 569, 584 (8th Cir. 2006). O'Neil's *pro bono* service to the estate, and his report on its contents, do not amount to government action.

4.  Reed's complaint will be dismissed without prejudice for failure to state a claim. The Court recommends this dismissal count as a "strike" within the meaning of 28 U.S.C. § 1915(g). An *in forma pauperis* appeal from this Order and accompanying Judgment would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

So Ordered.

*/s/ D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

16 July 2025